### R. M. ALEXANDER & WIFE v. JAMES HERRIFORD.

**Vendor and Purchaser—Sale in Gross—What Constitute.**

    A sale of land for $10,000.00, of which $7,000.00 was paid cash, and notes given for the balance, was made, the quantity not being stated in the deed, nor a description given by metes and bounds, but only designated by name, and reference to the title papers under which it was held. This sufficiently identified the land. **Held,** to be a sale in gross, and not by the acre, though the vendee claimed it was represented to contain 800 acres.

**Same.**

    Evidence showed that while the parties were negotiating the deal, the vendor expressed the belief that the land contained over 800 acres; stating at the same time his reasons for so believing which do not appear to have been of a very convincing or assuring character, nor such as may have led him to misapprehend the real quantity of the land. **Held,** not to constitute fraud or mistake, where it is shown the land contained only 587 acres; this, as to a matter of opinion and fact, being open to enquiries by both parties, and in respect to which neither party can well be presumed to have been misled.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

June 2, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

On the 19th of June, 1868, the appellants, R. M. Alexander and Ellen B. Alexander, his wife, sold and executed their deed of conveyance to the appellee, for two tracts of land, for the gross price of $10,000, of which $7,000 were paid down, and the

appellee gave to Alexander his two notes for the residue—one of them for $1,000 payable at its date, and the other for $2,000, payable one year thereafter—the quantity of neither tracts of the land being stated in the deed, nor were the tracts described by metes and bounds, but only designated by name, and reference to the title papers under which they were held, which though sufficiently identifying the land, did not so describe it as to indicate the quantity with any certainty which either tract contained.

This suit having been brought on the notes for the deferred payments, the defendant filed an answer and cross petition denying that he had accepted the deed, which had been recorded; and alleging in substance and effect, that he had entered into the contract in ignorance of the true quantity of the land, but confiding in statements and representations made by Alexander at the time that there were not less than 800 acres in the two tracts, and that he had since discovered that these statements and representations were false and fraudulently made; there not being more than 587 acres of land in the two tracts. And on these grounds the defendant sought alternatively a rescission of the contract, or an abatement from his notes of an amount equal to the alleged deficiency in the supposed quantity of the land.

The material averments of the answer being contradicted by a reply, the cause progressed to a final hearing in equity; and the court being of opinion that the defense was sustained, adjudged that the true quantity of the land be ascertained by a commissioner and that the notes be abated by any deficiency found to exist—assuming the quantity intended to be embraced by the contract to have been 800 acres; and to reverse that judgment this appeal is prosecuted.

According to the plain and literal import of the written evidence of the contract, the sale was strictly and essentially in gross without reference to any estimated or designated quantity of acres; and according to principles, too often recognized by this court, in the construction of written contracts, to require the citation of any authority to sustain them, the appellee was not entitled to any relief against the terms of the agreement, on the ground of mistake or fraud, on the part of Alexander, unless the proof was such as to plainly and clearly establish it, to the extent of showing the variance between the real and expressed understanding of the appellee to be such as to render it incon-

scientious and inconsistent with good faith to enforce the written agreement according to its tenor and legal effect.

The testimony of one witness, who, at the instance of the appellee, made a somewhat imperfect survey of the land, conduces to the conclusion, that the two tracts of land did not contain more than 587 acres; and there is satisfactory evidence in the record, that while the parties were negotiating the tracts, R. M. Alexander expressed the belief that the two tracts contained over 800 acres; stating at the same time his reasons for so believing; which do not appear to have been of a convincing or very assuring character; nor such as may not have led him to misapprehend the real quantity of the land; and innocently to misrepresent it, in the absence of a careful or complete survey or other reliable evidence of the true quantity. And it moreover apears, that the appellee was himself well acquainted with the land and resided upon it at the time of his purchase It is important also to observe that there is neither allegation nor proof that the deed was not written in accordance with the wishes and dictations of the parties at the time, and is not as explicit in the description of the land as was desired by the appellee; and it is not pretended that any particular land was understood to be embraced by the sale, which the subsequent survey proved, does not include; and while it appears that there were improvements on the land, which were occupied by the appellee, it is not shown what proportion their value have to that of the entire land embraced by the deed, nor what were the relative values of different parts of the land.

Testing the case, as it is thus substantially exhibited in the record, by the settled principles, on which alone, a court of equity can interpose to grant relief against the express terms of a written contract, the judgment of the court below can not be sustained.

If it be conceded that the alleged misrepresentation as to the quantity of the land, is proven with reasonable certainty, the evidence fails to satisfy us that it was fraudulent, or known by Alexander, at the time, to be untrue. It was moreover as to a matter of opinion and fact, open to the inquiries of both parties, and in respect to which, under all the circumstances of this case, neither party can well be presumed to have been misled as claimed by the other. (Fry on Specific performance of contracts, section

425. Brown vs. Parish, 2 Dana 6. 1 Story's Equity Jurisprudence sec. 191).

Wherefore the judgment is reversed and the cause remanded. with instructions to render a judgment for the plaintiffs in conformity with this opinion.

*Garnett, Baker & Walker, Alexander, for appellants.*
*James, for appellees.*